# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JULIO C. BERNUY,

      Plaintiff,

v.                                                    Case No: 8:14-cv-1430-T-24TBM

CHIPOTLE MEXICAN GRILLE, INC.,

      Defendant.

_____

## ORDER

This cause comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 27) and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Dkt. 28).

## I.      BACKGROUND

Plaintiff Julio C. Bernuy filed this action against Defendant Chipotle Mexican Grille, Inc. ("Chipotle"), on June 16, 2014. The complaint alleges Chipotle violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by discriminating against Bernuy based on his age. The complaint also alleges Chipotle violated Florida's private sector Whistle-Blower Act ("FWA"), Florida Statutes §448.102, by terminating Bernuy.

In 2011, Bernuy began working at the Westshore Chipotle restaurant in Tampa as a kitchen crew member. Bernuy, who was 54-years-old, was the oldest employee at that Chipotle restaurant. Throughout the course of his employment with Chipotle, Bernuy worked as a "grill back" during lunch hours. As a grill back, Bernuy's responsibilities included preparing food items for the grill, such as chicken, steak, and onions. Occasionally, Bernuy also helped to prepare rice. Bernuy knew

how to prepare both white and brown rice and had received training on how to make rice. Prior to April 2013, Bernuy received satisfactory employee reviews.

In April 2013, Ellier Frias was hired as the General Manager of the Chipotle restaurant where Bernuy worked. Frias, like Bernuy, spoke Spanish. When Frias began working with Bernuy he referred to Bernuy as "Viejo," which in Spanish means "old man." (Dkts. 27-2, 131:19-20; 28-1, ¶9). Bernuy acknowledged that the term "Viejo" could sometimes be respectful, or a term of endearment. (Dkts. 27-2, 162:15-18; 28-1, ¶9). However, Bernuy also believed the term "Viejo" could be disrespectful (Dkt. 28-1, ¶9). Bernuy felt that it was disrespectful when Frias used the term in speaking with Bernuy because it was a "bad word for [Bernuy]." (Dkt. 27-2, 163:2). Frias also told Bernuy that he "like[d] to work with young people." (*Id.*, at 127:11-15). When Frias told Bernuy that he liked to work with young people, Bernuy wasn't sure whether he was being discriminatory. (Dkt. 27-2, 162:7-11). Frias also called Bernuy "papi," however, Bernuy did not feel that "papi" was a disrespectful word. (*Id*. at 226:6-10).

Shortly after Frias' comments, Bernuy complained to the Area Manager, Edgardo Dominguez, while Dominguez was visiting the restaurant. During their conversation, Bernuy told Dominguez that "he thought that the way [Frias] was talking to him and other people was disrespectful" and mentioned that Frias had called him "Viejo." (Dkt. 28-4, 21:23-22:11). Dominguez verbally reprimanded Frias, and Frias said that he would never call Bernuy "Viejo" again.

On May 3, 2013, an employee named Wright was working the grill. Wright, who was younger than Bernuy, was sent home by Frias because he did not make enough white rice and had made the brown rice incorrectly. Frias informed Bernuy that he and Bernuy would work the grill in Wright's absence. Frias then told Bernuy to make the rice. Bernuy responded "I don't remember

how much water I have to put in the rice." (Dkt. 27-2, 142:15-19). Frias then told Bernuy to go wash dishes. Bernuy then began a conversation with Frias and asked why Frias had "talk[ed] to [him] like that." (*Id.* at 143:13-19). Bernuy also told Frias that he was "out of control." (*Id.*). In response, Frias sent Bernuy home. Frias did not mention Bernuy's age at any point in their conversation.

After Bernuy was sent home, he called Chipotle's "Respectful Workplace" hotline to complain about Frias. Later that day, Bernuy was contacted by Dominguez, who asked Bernuy what had happened, and informed Bernuy that he would talk to Frias and call him back. Days later, Bernuy received a call from an apprentice manager at Chipotle, directing Bernuy to speak to a manager at a nearby Carrollwood Chipotle restaurant about working there. Bernuy also spoke to the apprentice manager about working at the nearby South Tampa Chipotle restaurant. Bernuy spoke to the managers at the Carrollwood and South Tampa restaurants, however, the Carrollwood restaurant was in the process of changing general managers and the South Tampa location did not have sufficient hours for Bernuy. Bernuy was instructed to call the Carrollwood restaurant upon the new general manager's arrival. Bernuy alleges that he tried to call the Carrollwood restaurant after the new general manager began working, but no one answered. Bernuy was issued his final pay check on May 10, 2013. Chipotle's records indicate that Bernuy was voluntarily terminated on June 11, 2013. Chipotle's employment records indicate that Bernuy was voluntarily terminated due to non-work. Bernuy never resumed working at any Chipotle restaurant.

Chipotle now moves for summary judgment.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.*

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Id.* A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## III.     DISCUSSION

### A.     Chipotle Is Entitled to Summary Judgment on Bernuy's ADEA Claim.

Bernuy alleges that Chipotle discriminated against him on the basis of his age in violation of the ADEA. Chipotle asserts that there is no genuine issue of material fact and Bernuy does not present evidence of the elements of his ADEA claim; therefore, summary judgment is appropriate.

The ADEA states "it shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). On a motion for summary judgment in an age discrimination case, Plaintiff has the initial burden of establishing a *prima facie* case of discrimination. A *prima facie* case can be established through direct evidence, statistical evidence, or the presumption recognized under

the four-part test of *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668

(1973). *See Baker v. Sears, Roebuck & Co.,* 903 F.2d 1515 (11th Cir.1990).

### 1.      Bernuy Has No Direct Evidence of Discrimination.

Bernuy argues that he has presented direct evidence of age discrimination. "Direct evidence

of discrimination is evidence which, if believed, would prove the existence of a fact in issue

without inference or presumption. Only the most blatant remarks, whose intent could be nothing

other than to discriminate on the basis of [a protected characteristic] constitute direct evidence of

discrimination." *Bass v. Bd. of County Comm'rs.*, 256 F.3d 1095, 1105 (11th Cir. 2001) *overruled*

*in part on other grounds by Crawford v. Carroll,* 529 F.3d 961 (11th Cir.2008) (quotations,

alterations, and citations omitted).

Bernuy asserts that Frias' use of the term "Viejo" to refer to Bernuy, and Frias' comment

regarding working with young people provide direct evidence of age discrimination. Bernuy

testified that the term "Viejo" can be considered respectful under some circumstances but he felt

that the term was "bad for [him]." (Dkt. 27-2, 163:2). Bernuy also stated that he wasn't sure Frias

was being discriminatory in commenting about working with young people. Bernuy's

acknowledgment of several alternate meanings of Frias' comments show that Frias' comments did

not constitute remarks whose intent could be nothing other than to discriminate on the basis of age.

*See Bass,* 256 F.3d at 1105. Because Frias' stray comments do not reveal blatant discriminatory

animus without inference or presumption, they do not constitute direct evidence of discrimination.

*See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

Nor do Frias' comments constitute direct evidence of age discrimination in the context of

Bernuy's termination. To constitute direct evidence in the context of an adverse employment

decision, a statement must "(1) be made by a decisionmaker; (2) specifically relate to the

challenged employment decision; and (3) reveal blatant discriminatory animus." *Chambers v. Walt Disney World Co.*, 132 F. Supp. 2d 1356, 1364 (M.D. Fla. 2001). A "decisionmaker" is broadly defined as "a person involved in the challenged decision." *See Bass,* 256 F.3d at 1105. As discussed above, Frias' comments do not reveal blatant discriminatory animus. Further, "remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). While Bernuy argues that Frias was a "decisionmaker," he has not presented any evidence that Frias' stray comments were related to the decision to terminate Bernuy. Accordingly, Bernuy has not presented any direct evidence of discrimination.

### 2.    Bernuy Cannot Prove a Circumstantial Case of Discrimination Under the ADEA

Bernuy argues that he has established a *prima facie* case of age discrimination and that Chipotle's proffered reasons for Bernuy's termination were mere pretext. To evaluate an age discrimination claim supported by circumstantial evidence, the Court uses the traditional *McDonnell Douglas* burden-shifting analysis. *See Sims v. MVM, Inc.,* 704 F.3d 1327, 1332 (11th Cir. 2013) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)) (applying the *McDonnell Douglas* framework to circumstantial evidence in an ADEA case).[1] Under this framework, the plaintiff must raise an inference of discrimination by establishing a *prima facie* case of discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S. Ct. at 1824. The burden then shifts to the defendant to "articulate some legitimate nondiscriminatory reason"

---

[1] The Court acknowledges that the Supreme Court, in *Gross*, stated that it "has not definitively decided whether" the *McDonnell-Douglas* evidentiary framework is appropriate in the ADEA context. *Gross*, 120 S. Ct. at 2349 n.2. However, even after *Gross*, the Eleventh Circuit and district courts have continued to analyze ADEA claims under this framework. *See Sims.*, 704 F.3d at 1332 ("Following *Gross,* we have continued to evaluate ADEA claims based on circumstantial evidence under the *McDonnell Douglas* framework. This is not only consistent with our pre-*Gross* case law, but also it is entirely consistent with *Gross*…"). Therefore, the Court will continue to employ the *McDonnell-Douglas* framework, but will do so with the understanding that Bernuy must establish that age was the but-for cause of his termination–not simply a motiving factor.

for the alleged discrimination. *Id.* Once the defendant articulates such a reason, the plaintiff must then prove that the legitimate reason was a mere pretext for discrimination. *Id.* at 804, 93 S. Ct. at 1826. "In order to avoid summary judgment, a plaintiff must produce sufficient evidence for a reasonable factfinder to conclude that each of the employer's proffered nondiscriminatory reasons is pretextual." *Alexander-Igbani v. Dekalb Cnty. Sch. Dist.*, 578 F. App'x 803, 805 (11th Cir. 2014) *cert. denied,* 135 S. Ct. 1893 (2015) (quoting *Chapman v. AI Transp.,* 229 F.3d 1012, 1037 (11th Cir. 2000) (en banc). The burden of persuasion always remains on the plaintiff in an ADEA case to proffer evidence sufficient to permit a reasonable fact finder to conclude that the discriminatory animus was the "but-for" cause of the adverse employment action. *See Sims,* 704 F.3d at 1332 (citing *Gross,* 129 S. Ct. at 2350).

To establish a *prima facie* case of age discrimination under the ADEA, Bernuy must demonstrate: (1) that he was a member of the protected age group; (2) that he was subject to an adverse employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and (4) that he was qualified to do the job for which he was rejected. *Smith v. Potter*, 310 F. App'x 307, 310 (11th Cir. 2009) (citing *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354, 1359 (11th Cir.1999)). Alternatively, even if Bernuy was not replaced by a member outside his protected class, he may still satisfy the last prong of the *prima facie* case requirement by identifying similarly situated comparators outside of his protected class who were treated more favorably. *See Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 792 (11th Cir. 2011) (citing *Nix v. WLCY Radio/Rahall Comm'ns,* 738 F.2d 1181, 1185–86 (11th Cir.1984)).

Defendants argue that Bernuy cannot show that a substantially younger person filled his former position or that any younger, similarly situated employee was treated more favorably than

he was; therefore, Bernuy cannot establish a *prima facie* case of age discrimination under the ADEA. Specifically, Chipotle asserts Bernuy was never replaced and that Bernuy has not presented any evidence to the contrary. The Court agrees. Bernuy merely argues that Chipotle's assertion that he was never replaced is "incredulous" and not believable. (Dkt. 28, p. 11). Bernuy does not present any evidence that his former position was ever filled, let alone by a younger person. In addition, Bernuy does not point to any similarly situated younger employee that was treated more favorably than he was. Therefore, Bernuy has not established a *prima facie* case of age discrimination.

However, even assuming that Bernuy established a *prima facie* case of age discrimination, he must still show that Chipotle's stated legitimate, nondiscriminatory reasons for his termination were pretextual under the *McDonnell Douglas* framework. Chipotle has stated several legitimate, non-discriminatory reasons for Bernuy's termination that are not related to his age, including Bernuy's poor attitude, as evidenced by his May 3, 2013 interaction with Frias, and his failure to follow up and secure a transfer to a nearby Chipotle restaurant. In response, Bernuy merely asserts that his employee review indicated that his performance met expectations before he began working with Frias and that Chipotle's reasons for his termination were pretext.

In determining whether the plaintiff has established pretext, "[a] plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer." *Short v. Mando Am. Corp.*, 601 F. App'x 865, 874 (11th Cir. 2015) (quoting *Chapman*, 229 F.3d at 1030). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Id.* Here, Bernuy's assertion that his performance met expectations before he worked with Frias does not rebut Chipotle's

assertions that Bernuy had a poor attitude after Frias became the General Manager of the Westshore Chipotle restaurant. The record is undisputed that on May 3, 2013, Bernuy sent home after he confronted Frias and told him he was "out of control." (Dkt. 27-2, 143:13-19). Bernuy does not present any evidence that Frias mentioned his age at any point during the May 3, 2013 confrontation. Nor does Bernuy present any evidence that age motivated Frias' decision to send Bernuy home on May 3, 2013. Bernuy does not dispute that Chipotle attempted to facilitate Bernuy's transfer to another nearby Chipotle restaurant, or that he did not attempt to contact the new manager at the Carrollwood restaurant after no one answered when he called. Because Bernuy has not rebutted the record evidence supporting Chipotle's legitimate, non-discriminatory reasons for terminating him, Bernuy has not met his burden of showing Chipotle's proffered reasons for his termination were mere pretext. *See Short*, 601 F. App'x at 874 (quotations omitted).

Furthermore, "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Gross,* 129 S. Ct. at 2352. Because Bernuy has not rebutted any of Chipotle's reasons for his termination as pretext, he has not shown that but for his age, he would not have been terminated. Thus, Bernuy has failed to meet his burden of proving his disparate-treatment claim pursuant to the ADEA. *Gross*, 129 S. Ct. at 2350. Accordingly, Chipotle is entitled to summary judgment on Bernuy's ADEA claim.

**B.     Chipotle Is Entitled to Summary Judgment on Bernuy's Retaliatory Termination Claim under the FWA**

The FWA protects an employee from retaliation when an employee "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." *Fla. Stat.* § 448.102(3). When a party moves for summary judgment for claims brought under the FWA, courts apply the framework from Title VII retaliation claims.

*Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945 (11th Cir. 2000). Title VII retaliation claims follow the *McDonnell Douglas* framework discussed above. *See McDonnell,* 411 U.S. at 93.

To establish a *prima facie* case of retaliation under the FWA, the employee must establish all three of the following elements: (1) the employee engaged in statutorily protected activity; (2) the employee suffered a materially adverse action that would discourage a reasonable employee from engaging in the statutorily protected activity; and (3) a causal relationship exists between the first two elements. *Rutledge v. Suntrust Bank.* 262 Fed. App'x 956, 957–958 (11th Cir.2008).

Bernuy asserts he has presented a *prima facie* case of retaliation under the FWA because he complained to the Area Manager about Frias treating him and other employees disrespectfully, made complaints to Chipotle's "Respectful Workplace" hotline, and was terminated. However, Bernuy has not met his burden of establishing that his complaints constituted statutorily protected activity, or that a causal relationship exists between a statutorily protected activity and his termination.

Bernuy claims he engaged in statutorily protected activity under the ADEA when he made complaints to his Area Manager and to Chipotle's "Respectful Workplace" hotline. However, the undisputed record shows that Bernuy's complaints to the Area Manager and Chipotle's "Respectful Workplace" hotline did not mention age, age discrimination, or any unlawful policy or practice under the ADEA. While Bernuy's complaint to his Area Manager mentioned Frias' use of the term "Viejo", Bernuy did not mention any perceived age discrimination in connection with Frias' use of the term. Instead, Bernuy merely explained that he did not like it when Frias did not refer to him by his name. Therefore, Bernuy has not established that his complaints constituted statutorily protected activity. *See Bond v. Dep't of Air Force*, 202 F. App'x 391, 396 (11th Cir. 2006) (finding that a plaintiff's activity in filing a grievance and in participating in arbitration did

not constitute statutorily protected activity under the ADEA where the grievance and arbitration did not involve allegations of age discrimination). Because Bernuy has not established that his complaints constituted statutorily protected activity, Bernuy cannot show that his termination was causally related to a statutorily protected activity. Therefore, Bernuy has not established a *prima facie* case of retaliation under the FWA.

Even assuming that Bernuy established a *prima facie* case of retaliation, he has nonetheless failed to present evidence that Chipotle's legitimate, nonretaliatory reasons for terminating him were pretextual. Chipotle has offered several legitimate, nonretaliatory reasons for terminating Bernuy. These reasons include Bernuy's poor attitude and his failure to communicate with the Carrollwood restaurant's new manager to secure a transfer to the Carrollwood restaurant.

To meet his burden of showing Chipotle's reasons for his termination were mere pretext, Bernuy must provide enough evidence to permit a reasonable fact finder to conclude that the reasons offered by Chipotle were not the real reasons for his termination. *Combs v. Plantation Patterns, Meadowcraft, Inc.,* 106 F.3d 1519, 1528 (11th Cir.Ala.1997). As previously discussed, Bernuy cannot meet this standard. First, Bernuy's conclusory assertion that Chipotle's reasons justifying termination "are mere pretext" is not supported by the facts. (Dkt. 28, p. 15). The undisputed record shows that Bernuy spoke back to Frias immediately before being sent home on May 3, 2013, and that Bernuy's age was not mentioned by Frias at any point that day. The undisputed record also shows that Chipotle made attempts to facilitate Bernuy's transfer to the Carrollwood restaurant, but that Bernuy did not follow up after the Carrollwood restaurant's new manager did not answer the phone when he called. Further, Bernuy's argument that he had a "satisfactory employee review prior to the arrival of Frias," (*id.*), does not rebut Chipotle's assertion that Bernuy had a poor attitude while working with Frias, especially in light of the

undisputed record evidence regarding the events of May 3, 2013. In summary, Chipotle is entitled to summary judgment on Bernuy's FWA claim because no record evidence establishes that Chipotle's legitimate, nonretaliatory reasons for terminating Bernuy were pretext.

**IV.      CONCLUSION**

In conclusion, viewing the entirety of the record in the light most favorable to Bernuy, Bernuy has not established that Chipotle discriminated against him on the basis of his age in violation of the ADEA. In addition, Bernuy has not established that Chipotle retaliated against him in violation of the FWA. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Dkt. 27) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant Chipotle Mexican Grille, Inc., and against Plaintiff Julio C. Bernuy, to close this case, and to terminate any pending motions. The pretrial conference previously scheduled in this case for August 11, 2015 is hereby cancelled, and this case is removed from the Court's September 2015 trial calendar.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of July, 2015.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties